NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-3304
_____

ROBERT FENNELL,
                    Appellant

v.

FRANCIS PIROZZOLA; RUSSELL BOLLINGER; PENNIE BURKEY;
DONNY HAGENS; ROBERT REED; STEPHEN JOHNSON;
GARY BLAKELY; DAVID CLOSE; BYRON BRUMBAUGH;
KENNETH HOLLIBAUGH; DAVID KESSLING; LONNIE OLIVER
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 3-19-cv-00097)
District Judge:  Honorable Kim R. Gibson
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 19, 2020
Before:  SHWARTZ, RESTREPO and GREENBERG, Circuit Judges

(Opinion filed: August 19, 2020)
_____

OPINION*
_____

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Appellant Robert Fennell, proceeding pro se, filed a civil rights action against several officers of the Pennsylvania Department of Corrections grounded on allegations of abuse and excessive force. As alleged in the complaint, Fennell arrived at SCI Cresson in 2007 and was found guilty of threatening an employee shortly thereafter. For that, he claimed he was "beat[en], punch[ed], and smack[ed]" by unnamed officers while in his cell. When he tried to report the incident about a month later, he was again beaten and forced to live in deplorable conditions. Fennell alleged that the defendants confiscated his legal documents to prevent him from filing a complaint or grievance. A number of similar incidents were detailed in the complaint, and the officers' misconduct reportedly continued through January 2009, when Fennell was transferred to SCI Houtzdale. However, Fennell claimed the abuse continued as the officers at SCI Houtzdale would also use excessive force and file false charges against him if he tried to report their actions. In September 2011, Fennell was transferred to SCI Smithfield. Fennell stated that, until 2017, unknown personnel at Smithfield prevented him from filing a complaint "at the direction of or at least with the tacit approval of" the defendants. Fennell filed a 42 U.S.C. § 1983 action against officers at SCI Cresson and SCI Houtzdale in September 2019.

The District Court, after considering the Magistrate Judge's Report and Recommendation and Fennell's objections, dismissed the complaint with prejudice at

screening pursuant to 28 U.S.C. § 1915(e). It concluded that Fennell's claims were untimely because the last allegation of conduct by the defendants occurred in 2011. The District Court also concluded that Fennell's statement that he was continually prevented from filing a complaint through 2017 was conclusory and demonstrably false as Fennell had filed numerous other complaints in federal court between 2011 and 2017 which challenged the actions of correctional officers. Fennell was not given leave to amend and he appealed.

We have jurisdiction under 28 U.S.C. § 1291. We review the order dismissing the amended complaint under the same de novo standard of review as with our review of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). We may affirm on any basis supported by the record. Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011).

The District Court correctly dismissed the majority of Fennell's allegations under the statute of limitations. The limitations period on a § 1983 claim in Pennsylvania is two years. See Kach v. Hose, 589 F.3d 626, 634 (3d Cir. 2009). Fennell admitted in his brief that "the last act of excessive force… was on September 6, 2011," well outside the limitations period.

3

However, Fennell also claimed that, until 2017, unknown personnel at Smithfield SCI prevented him from filing a complaint "at the direction of or at least with the tacit approval of" the defendants, none of whom were officers at Smithfield. Fennell argues that he is thus entitled to the benefit of either equitable tolling or the "continuous violation" doctrine, which states that "an action is timely so long as the last act evidencing the continuing practice falls within the limitations period." Brenner v. Local 514, United Bhd. of Carpenters & Joiners of Am., 927 F.2d 1283, 1295 (3d Cir. 1991). However, because Fennell was able to file numerous complaints against prison officials during his time at Smithfield, see, e.g., Fennell v. Wetzel, No. 4:15-cv-01959 (M.D. Pa. Oct. 7, 2015); Fennell v. Cambria Cty. Prison, No. 3:12-cv-00021 (W.D. Pa. Feb. 2, 2012), there is no factual basis for either argument.

Accordingly, we will affirm the judgment of the District Court.